UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ERIC DARNELL COOK,

    Plaintiff,

v.

WARDEN RANDY GROUNDS, et. al.,

    Defendants.

No. C 15-1347 NJV (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis and has consented to the jurisdiction of a Magistrate Judge. (Docs. 5, 1.)

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff names as defendants the appellate commissioner of the Ninth Circuit, a District Judge in the Central District of California, and the warden of his prison.  In *Cook v. Hedgpeth*, 12-cv-10183 (C.D. Cal.), plaintiff's habeas petition was dismissed as successive and a certificate of appealability was denied.  Plaintiff appealed to the Ninth Circuit which denied his request for a certificate of appealability.  Plaintiff then filed a motion for reconsideration in the District Court which was denied.  Plaintiff filed an appeal to the Ninth Circuit which remanded the case back to the District Court for the limited purpose of granting or denying a certificate of appealability with respect to the motion for reconsideration.  The District Court denied the certificate of appealability and later the Ninth Circuit denied plaintiff's request for a certificate of appealability.  (Docket Nos. 26, 28 in 12-

cv-10183 (C.D. Cal.).

Plaintiff alleges that the District Court failed to explain why the certificate of appealability for the motion for reconsideration was denied.  However, the District Court did explain why the request was denied.  Plaintiff seeks this court to compel the Ninth Circuit and the Central District of California to grant his motion for reconsideration and release him from prison.  This court cannot order plaintiff's release from prison in a civil rights action nor can it compel the Ninth Circuit or a District Judge in another district.  Because no amount of amendment would cure these deficiencies, this case is dismissed with prejudice as frivolous and for failure to state a claim.

## CONCLUSION

The complaint is **DISMISSED** with prejudice as frivolous and for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

Dated: April 21, 2015.

NANDOR J. VADAS
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ERIC DARNELL COOK, | No. 1:15-CV- 1347 NJV |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| WARDEN RANDY GROUNDS, et al., | |
| Defendants. | |

I, the undersigned, hereby certify that on April 21, 2015, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Eric Darnell Cook
F-91972
Salinas Valley State Prison
C3-127
PO Box 1050
Soledad, CA 93960

/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas

4